His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
*200 Defendant refused to accept delivery of four showcases which plaintiff had, by written contract, agreed to make and to sell and deliver to him. The main ground for rejecting the cases was that the depth of the latter failed to conform with that prescribed in a separate oral agreement alleged by defendant to exist between the parties. Another ground is that the workmanship is defective.
As to the first ground, the alleged separate oral agreement has not been proved; while as to the workmanship, the defects alleged are trivial,' a small hole or bubble in the plate glass top of one of the cases, or the beading not being securely nailed, and such like' — all of which could and would have been easily remedied had plaintiff been afforded the opportunity. With reference thereto defendant’s main witness testified: “There- are certain defects in the workmanship that, according to my opinion, could be corrected.” And again: “The workmanship seemed to be, with minor exceptions, all right. ’ ’
In finding for plaintiff, the trial Court stated:
‘‘ The parties entered into a contract for the making of certain showcases. The contract was made by the writing of a letter and its acceptance, the defendant claiming, however, that the contract was subsequently modified to the extent that the floor of the cases should hold two 11- 3/4 inch jewelry trays. This amendment, which is the substantial portion of the defense, was not proved, being affirmed by one and denied by the other.
“On the original contract, I believe from the evidence-, that.the obligation was complied with, the real ground of defendant’s complaint being that the cases were not deep enough.
“If defendant considered this element so essential, •he should have amended the contract to meet his *201 views; but that is no reason for rejecting work substantially made in compliance witli the contract.”
Opinion and decree, February 14th, 1916.
The judgment is in accord with these views and our own, .and it is accordingly affirmed.
Affirmed.